**PARKER PLAZA WEST, LTD., Appellant,**

v.

**BONIUK INVESTMENTS, LTD., Appellee.**

**No. 05–04–00049–CV.**

Court of Appeals of Texas, Dallas.

Jan. 24, 2005.

---

Scott A. Scher, Dallas, for Appellant.

M. Drew Siegel, Carrollton, R. Alan York, Godwin Gruber LLP, Houston, for Appellee.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice MORRIS.

In this commercial lease dispute, Parker Plaza West, Ltd. appeals from the trial court's judgment in favor of Boniuk Investments, Ltd. In twelve issues, appellant challenges the sufficiency of the evidence to support the trial court's judgment, claims certain evidence was improperly admitted, and contends the trial court erred in denying its counterclaim. For the reasons that follow, we affirm the trial court's judgment.

Appellant owns a retail shopping center in Plano, Texas. Pursuant to a master lease agreement, appellee leases about thirty-five percent of the shopping center, which it then sublets to other tenants. From the time appellee acquired its leasehold interest in the shopping center until January of 2000, Ross Stores occupied the majority of appellee's portion of the shopping center. Ross had always performed its own roof maintenance. After Ross vacated the premises, two of appellee's representatives, Benjamin Hershorn and David Boniuk, inspected the property. At

trial, both men testified their inspection revealed the roof was in disrepair. Appellee solicited several bids for the needed repairs. Appellee hired the lowest bidder, Mid States Roofing, Ltd., to perform repairs and replace the roof. After Mid States began work on the roof, however, appellee discovered the master lease required appellant to maintain and repair the roof. Appellee immediately notified Mid States to stop work. Because Mid States had already started to reroof about 20 to 25 percent of the roof, appellee also instructed Mid States to remove the new roof and replace it with the type of roofing material formerly on the roof. Appellee then wrote a letter to appellant notifying them of the situation.

About one month after appellee sent its original letter to appellant (and after additional letters had been exchanged between the parties), appellee received a letter from appellant's attorney demanding appellee complete the roof replacement at appellee's expense. Appellee instructed Mid States to complete the roof replacement. Appellee then filed this lawsuit for breach of contract seeking to recover the costs of the roof replacement and the return of certain overcharges on its portion of common area maintenance fees. Appellant filed a counterclaim seeking termination of the lease agreement. After a trial before the court, the trial court rendered judgment in favor of appellee for $73,804.05 plus interest and rendered a take-nothing judgment on appellant's counterclaim. This appeal followed.

■ In its first seven issues and issue twelve, appellant challenges the sufficiency of the evidence to support the trial court's findings of fact. We review the evidentiary sufficiency of the trial court's fact findings under the same standards that are applied in reviewing evidence supporting a jury verdict. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994). An appellant attacking the legal sufficiency of an adverse finding on an issue on which it did not have the burden of proof must demonstrate on appeal that there is no evidence to support the adverse finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). In evaluating a no evidence challenge, we consider only the evidence and inferences tending to support the finding and disregard all contrary evidence and inferences. *Merrell Dow Pharmaceuticals v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If there is more than a scintilla of evidence to support the finding, we will not reverse the trial court's judgment. *Id.* When reviewing a finding for factual sufficiency, however, we consider all of the evidence and will set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

■ Citing the lease provision requiring the landlord to make all repairs and alterations "which may be necessary to maintain" the roof, appellant first argues the evidence was legally and factually insufficient to establish the roof was damaged and needed to be replaced. Specifically, appellant complains that the lack of expert testimony on this issue is fatal to appellee's claim.

Although expert testimony may have been helpful to the trial court, appellant has not cited a single case, and we have not found one, that would require such testimony. And given the testimony at trial about the roof, we cannot conclude expert testimony about the roof's condition was necessary in this case. Boniuk and Hershorn testified that their inspection of the premises revealed the roof was in serious disrepair and leaking in several areas as evidenced by fallen insulation and ceiling tiles and water stains on the carpet,

floor, and down the interior back wall. Boniuk further testified the roof consisted of a single ply, rubberized material known as an EPDM roof that was laid over some recovery board, which, in turn, was laid over a very old, built up tar and gravel roof. Boniuk's inspection of the roof revealed that there were holes in the roofing and it was all pulled up, torn up, and wrinkled in a lot of areas. Moreover, Hershorn testified that appellee hired a consultant who reported the roof was in poor condition and at the end of its life. Appellant offered no evidence with respect to whether replacement was necessary. According to Boniuk, even after Mid States removed the portion of the new roof it had installed and replaced it with EPDM roofing material, the rest of the roof still leaked. Based upon our review of the record, the evidence was legally and factually sufficient to support the trial court's finding that the roof was damaged and needed to be replaced.

■ Appellant next asserts there was no evidence or insufficient evidence that the roof replacement was necessitated by a cause within its responsibility.[1] The evidence at trial revealed Ross maintained the roof while it occupied the premises. There was no indication, however, that the poor condition of the roof was the result of repairs or misinstallation performed by Ross. Instead, Hershorn testified that the roof was old and that a consultant had indicated the roof was at the end of its life. Appellant offered no evidence with respect to the cause of the roof's disrepair and leaks. We conclude the evidence was legally and factually sufficient to support the trial court's finding that the condition of the roof was the result of normal wear and tear and not the result of any repairs, alterations, or other improvements or installations made by appellee, its subtenants or their agents.

■ Finally, appellant complains that appellee's failure to provide notice before beginning work on the roof precludes its claim for reimbursement. As legal support for its argument, appellant cites a single case for the general proposition that a contracting party who is in default cannot sue for breach of that contract. *See Dobbins v. Redden,* 785 S.W.2d 377, 378 (Tex.1990). Appellant's brief contains no substantive analysis or legal authority to support its contention. Accordingly, appellant has not presented this argument for review. *See* TEX.R.APP. P. 38.1(h); *Kang v. Hyundai Corp.,* 992 S.W.2d 499, 503 (Tex.App.-Dallas 1999, no pet.). We conclude appellant's issues one through seven and issue twelve lack merit.

■ In issues eight and nine, appellant complains the trial court erred in admitting over its objection evidence on alleged common area maintenance overcharges relating to the roof. Appellant asserts the evidence was inadmissible because appellee did not timely disclose the basis and calculation of such charges in response to its requests for disclosure. Rule 193.6 of the Texas Rules of Civil Procedure governs the admission of evidence that was not timely disclosed in discovery. Such evidence may not be introduced at trial unless the trial court finds (1) good cause for the failure to make, amend or supplement in a timely manner, or (2) the failure to timely make, amend or supplement will not (a) unfairly surprise, or (b) unfairly prejudice the other party. TEX.R. CIV. P.

---

1. In making this argument, appellant relies on a lease provision stating that the landlord has no responsibility for repairs or alterations that may be required as a result of "repairs, alterations, other improvements or installations made by Tenant or any subtenant or concessionaire of Tenant or the agents of any of them."

193.6(a). *Northwestern Nat. County Mut. Ins. Co. v. Rodriguez*, 18 S.W.3d 718, 723 n. 1 (Tex.App.-San Antonio 2000, pet. denied). The burden to show good cause, unfair surprise, or unfair prejudice is on the party seeking to admit the evidence. TEX.R.APP. P. 193.6(b). We review the trial court's evidentiary ruling for an abuse of discretion. *See Aluminum Co. of Am. v. Bullock*, 870 S.W.2d 2, 3 (Tex.1994).

Although appellee did not disclose in timely discovery responses the basis and method of calculation for the common area maintenance overcharges it sought to recover, it is clear that appellant was aware these items were in dispute. Appellant first identified the basis and precise amounts of the overcharges it was seeking in its first amended petition, which was filed about one year before trial. Moreover, the record makes clear that appellee's calculation of the amount it was overcharged involved simple math applied to figures generated by appellant. Appellee merely determined its prorated share of the total roof maintenance figures appellant improperly assessed for the years in question. The roof maintenance figures were obtained from statements appellant had sent to appellee. Based on the record before us, we cannot conclude the trial court abused its discretion in impliedly finding that appellant was not unfairly surprised by appellee's failure to timely disclose this information in discovery. Accordingly, the trial court did not err in admitting this evidence. We resolve issues eight and nine against appellant.

■ In issues ten and eleven, appellant complains about the trial court's failure to render judgment terminating its master lease with appellee based on appellee's failure to pay common area maintenance charges. Appellant contends its claim for termination was tried by consent, although the trial court expressly concluded otherwise. Even if we assume the matter was tried by consent, our review of the record reveals the trial court did not err in rejecting appellant's termination claim.

■ Because appellant had the burden of proof on its termination claim, its legal sufficiency challenge requires it to demonstrate the evidence establishes, as a matter of law, all vital facts to support its claim. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001) (per curiam). We first examine the record for evidence that supports the trial court's finding, ignoring all contrary evidence. *Id.* Only if there is no evidence to support the finding will we then examine the entire record to determine if the contrary position is conclusively established. *Id.* With respect to a factual sufficiency challenge, however, appellant must demonstrate the adverse finding is against the great weight and preponderance of the evidence. *Id.* at 242. We will reverse a judgment for factual insufficiency only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*

The record before us reveals that there was a long standing dispute between the parties with respect to certain common area maintenance charges assessed by appellant. As a result of the dispute, and after this lawsuit was commenced, appellee deposited an amount equal to fourteen months of these charges into the registry of the court in lieu of paying them directly to appellant. Shortly before trial, appellee paid to appellant the full amount of the charges requested for the prior fourteen months. Consequently, at the time of trial, there were no outstanding common area maintenance charges due to appellant. The record does reveal that the amounts paid into the court's registry con-

siderably exceeded the amount of the disputed charges. Even though appellant was aware of this fact, there is no indication in the record that appellant ever attempted to obtain release of the excess funds. We conclude the evidence was legally and factually sufficient to support the trial court's determination that appellant was not entitled to terminate the lease. We resolve appellant's tenth and eleventh issues against it.

We affirm the trial court's judgment.