IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00326-CV

 

The State of Texas,

                                                                                    Appellant

 v.

 

Target Corporation,

                                                                                    Appellee

 

 

 



From the County Court
at Law No. 1

Brazos County, Texas

Trial Court No. 419-CC

 



O p i n i o n



 

            In its appeal of an adverse judgment in
a condemnation case, the State asserts that the trial court erred in excluding the
State’s expert testimony on Target’s damages and the total compensation owed to
Target.  We agree and will reverse the trial court’s judgment and remand the
case for a new trial.

            The State condemned 0.184
of an acre (8,013 sq. ft.) of a 9.0232 acre tract owned by Target in the city
of College Station.  The tract is improved with a Target retail store.  The
acquisition was a fifteen-foot wide strip of land being used by Target for
landscaping and parking.  The acquisition’s purpose was to widen Highway 6,
which the strip fronted.  Special commissioners awarded Target compensation of
$156,812 for the taking, and Target objected.  A jury awarded Target $564,290.

The primary dispute at trial was
Target’s damages for loss of parking.  Target’s appraisal expert testimony
included as much as $472,457 in damages for the loss of 35 parking spaces.  The
State’s appraisal expert determined that Target’s loss-of-parking damages were
only $72,000 for 24 spaces, but the jury did not hear the State’s expert on
those damages or on the amount of total compensation owed to Target.  On the
Friday before the Monday, June 7, 2004 trial, Target filed a motion to exclude
the testimony of Steven Lovett, the State’s appraiser, and Jack Holford, the
State’s land planning consultant.  After the jury had been impaneled and the
parties had made opening statements, a hearing was held on Target’s motion. 
The next day, the trial court granted Target’s motion and then later clarified
its ruling to prohibit Lovett from testifying about remainder damages
(including loss of parking) and total compensation.

Target’s motion complained that the
State’s supplementation of discovery responses—done 31 days before trial—was
untimely.  This supplementation included the identity of consulting experts or
persons with whom the State’s testifying experts consulted and the persons with
knowledge of relevant facts on whom its testifying experts relied.[1]
 Although Target did not complain that the experts themselves had not been
timely identified or that their reports had not been timely produced, it complained
that the State untimely produced Lovett’s one page of calculations that
supported his opinion that the utilization level of the remote parking spaces lost
by Target was 20% and thus should be discounted by 80%.[2] 
This analysis, including the 20% utilization factor, was in Lovett’s timely
produced expert report and was examined by Target in Lovett’s first deposition
on April 28, 2004.  Lovett’s working file had been provided to Target’s counsel
a few days before his deposition, but during Lovett’s deposition, he realized
that the calculations page was missing.[3] 
On May 7, the State produced this page, and the State tendered Lovett for a
second deposition (on May 28) in which Target was able to question him about
the page.

The trial court ruled that Lovett and
Holford would not be allowed to testify about opinions that were based on information
provided by persons who had not been timely identified:  Lovett could not
testify to the importance of parking within a 300-foot radius of a business’s
front door or that Target’s parking situation was adequate; and Holford could
not testify about his conversations with the City Development Services staff
about his site plan, that his plan would be approved if submitted, or about
safety issues affecting Target’s parking lot.  Lastly, the trial court ruled
that Lovett could not testify about his 20% utilization factor, which prevented
the State from offering Lovett’s opinion testimony on remainder damages and
total compensation.

Target’s appraisal expert testified at
trial that Target was entitled to total compensation of $704,458, including as
much as $472,457 in damages for loss of parking.  The State estimates that the
jury awarded Target as much as $383,081 in loss of parking damages as a part of
the total compensation award of $564,290.

The State made an offer of proof that
Lovett would have testified that the property suffered remainder damages of
$72,000 and that the total compensation amount was $253,209 and that Holford
would have testified that the City’s Development Services staff had indicated
that his plans would be accepted if submitted by Target and that he was of the
opinion that Target’s parking lot was not unsafe after the State’s acquisition.

In its first issue, the State asserts
that the trial court abused its discretion in excluding Lovett’s and Holford’s
expert testimony for three reasons:  (1) the State’s supplementation was
timely; (2) the State established good cause if its supplementation was
untimely; and (3) Target was not unfairly surprised or prejudiced if the
State’s supplementation was untimely.

The standard of review of a trial
court’s ruling to admit or exclude evidence based on the discovery rules is
abuse of discretion.  See F & H Investments Inc. v. State, 55 S.W.3d
663, 668-72 (Tex. App.—Waco 2001, no pet.); Best Indus. Uniform Supply Co.
v. Gulf Coast Alloy Welding, Inc., 41 S.W.3d 145, 147-48 (Tex. App.—Amarillo
2000, pet. denied).  The test for abuse of discretion is whether, under the
circumstances of the particular case, the trial court’s action was arbitrary or
unreasonable.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242
(Tex. 1985).

We will assume without deciding that
the State’s supplementation—done 31 days before trial—of the additional persons
that Lovett and Holford had spoken with and of Lovett’s one page of
calculations supporting his 20% utilization factor was untimely.  See Tex. R. Civ. P. 193.5(b); cf. Snider
v. Stanley, 44 S.W.3d 713, 715-16 (Tex. App.—Beaumont 2001, pet. denied)
(trial court did not abuse its discretion in excluding expert whom party
identified 31 days before trial after waiting to supplement for over a year).  But
see Elhamad v. Quality Oil Trucking Serv., Inc., 2003 WL 22211543, at *6-7 (Tex. App.—Fort Worth Sept. 25, 2003, no pet.) (mem. op.)
(distinguishing complete failure to identify expert from inadequacy in expert
disclosure).

The discovery rule requiring disclosure of experts before trial is
intended to provide adequate information about the experts’ opinions to allow
the opposing party the necessary information to prepare to cross-examine the
experts and to rebut the testimony with their own experts.  Taylor Foundry
Co. v. Wichita Falls Grain Co., 51 S.W.3d 766, 773 (Tex. App.—Fort Worth
2001, no pet.).  Rule 193.6 governs untimely discovery supplementation:

(a) Exclusion of
Evidence and Exceptions.  A party who fails to make, amend, or supplement a
discovery response in a timely manner may not introduce in evidence the
material or information that was not timely disclosed, or offer the testimony
of a witness (other than a named party) who was not timely identified, unless
the court finds that: 

(1) there was good cause
for the failure to timely make, amend, or supplement the discovery response; or

(2) the failure to timely
make, amend, or supplement the discovery response will not unfairly surprise or
unfairly prejudice the other parties.

(b) Burden of Establishing
Exception.  The burden of establishing good cause or the lack of unfair
surprise or unfair prejudice is on the party seeking to introduce the evidence
or call the witness.  A finding of good cause or of the lack of unfair surprise
or unfair prejudice must be supported by the record.

Tex. R. Civ.
P. 193.6(a), (b).  This
rule provides a less burdensome alternative to the draconian sanction of
automatic exclusion under former Rule 215(5), which required a showing of good
cause.[4]
 Elliott v. Elliott, 21 S.W.3d 913, 921 n.7 (Tex. App.—Fort Worth 2000,
pet. denied).

            We conclude that the trial
court abused its discretion in excluding the State’s expert testimony because
the record establishes that Target would not have been unfairly surprised or
prejudiced by the State’s supplementation.  See, e.g., Best, 41 S.W.3d
at 148-49; Elliott, 21 S.W.3d at 921; Rutledge v. Staner, 9
S.W.3d 469, 472 (Tex. App.—Tyler 2000, pet. denied).  Regarding the May 7 production
of Lovett’s one-page calculation of his 20% utilization factor, we note first that
his timely expert report discussed this factor and that when Target deposed
Lovett on April 28, he explained how he determined the factor.  Next, after the
page was produced, Target again questioned Lovett on it in his second
deposition on May 28.  The trial court, which was made aware of this history,
should have found that Target would not have been unfairly surprised or
prejudiced by Lovett’s trial testimony on the 20% utilization factor, remainder
damages, and the total compensation amount.  See, e.g., Parker Plaza West,
Ltd. v. Boniuk Invs., Ltd., 153 S.W.3d 729, 733-34 (Tex. App.—Dallas 2005,
no pet.); Pilgrim’s Pride Corp. v. Smoak, 134 S.W.3d 880, 902-03 (Tex. App.—Texarkana 2004, pet. denied); Norfolk So. Ry. v. Bailey, 92 S.W.3d
577, 581 (Tex. App.—Austin 2002, no pet.).

            Regarding the belated
supplementation of the additional persons (Carson, Cornelius, and Connell) that
Lovett had spoken with, Target was able to explore those conversations in
Lovett’s two depositions.  As for the City’s Development Services staff (Kee,
Reeves, Ruiz, and Hardin) whom Lovett and Holford had spoken with, Holford’s
timely land planning report disclosed discussions with the staff and
specifically identified Reeves, and Target itself had identified Kee as a
person with knowledge of relevant facts.  Holford was deposed 32 days before
trial, and Target was able to explore his discussions with city staff.  Target
also had the opportunity to explore Lovett’s conversations with city staff in
his two depositions.  The trial court should have found that Target would not
have been unfairly surprised or prejudiced by Lovett’s and Holford’s trial
testimony on their opinions that were based in part on these persons.

The trial court’s erroneous exclusion
of evidence requires reversal if the error was reasonably calculated to cause,
and probably did cause, the rendition of an improper judgment.  Tex. R. App. P. 44.1(a)(1); McCraw
v. Maris, 828 S.W.2d 756, 757 (Tex. 1992).  In closing argument, Target argued
that the State had failed to provide evidence on remainder damages and on the
total amount of compensation due, that the jury should award the amount
testified to by Target’s expert, that Holford had no support for his opinion
that his land plan complied with city ordinances, and that Holford and the
State did not care whether Target’s driveways were safe.

The jury awarded Target $564,290 in
total compensation, which was $311,081 more than the State’s expert’s opinion
on total compensation of $253,209, which was erroneously excluded from
evidence.  We conclude that the error was reasonably calculated to cause and
probably did cause the rendition of an improper judgment. [5] 
See Crane v. Texas Dep’t Transp., 880 S.W.2d 55, 59 (Tex. App.—Tyler
1994, writ denied).  We sustain the State’s first issue.[6]

 

We reverse the trial court’s judgment
and remand the cause to the trial court for a new trial.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurs only in the
judgment but not in the opinion of the Court).

Reversed
and remanded

Opinion
delivered and filed May 10, 2006

[CV06]









   
[1]           Most
of these persons had previously been identified in earlier discovery
responses.  Specifically, Target complained of the following persons as to
Lovett:  Bill Carson, B.J. Cornelius, and Clint Connell.  Carson and Cornelius
are land planners whom Lovett spoke with and relied on (along with Holford) in
determining that the lost parking spaces that were more than 300 feet from the
store’s main entrance should be discounted.  Lovett also relied on Connell, a
real estate consultant for Wal-Mart, for this determination and for Lovett’s
determination of Target’s peak volume periods and his 80% discount factor for
the remote parking spaces.  We agree with the State that these three were not
“consulting experts” for whom the State owed consulting expert discovery to
Target; they were not “consulted, retained, or specially employed by a party.” 
See Tex. R. Civ. P.
192.7(d).  Instead, they were at most persons having knowledge of relevant
facts, and the State additionally identified them as such, as did Target with
the persons whom its appraisal expert contacted.  If these three persons had in
fact been true consulting experts, our analysis below on whether Target was
unfairly surprised or prejudiced might be different.

As to both Lovett and Holford, Target
principally complained of the State’s identification of several City
Development Services staff members whom Lovett and Holford had spoken with: 
Jane Kee, Jennifer Reeves, Natalie Ruiz, and Edwin Hardin.

 





    [2]           Lovett
calculated remainder damages by determining the net operating income per
parking space and by multiplying that number by the 20% utilization factor and
then by the number of lost spaces to arrive at a total lost net operating
income figure.  He then capitalized the lost net operating income to determine
a total loss in value attributable to lost parking.

 





    [3]           Our
review of the parties’ dispute over why this page was not produced (in Lovett’s
working file) before his first deposition leads us to conclude that the failure
was an accident or mistake.





    [4]           The
rule further provides:

(c) Continuance.   Even if the
party seeking to introduce the evidence or call the witness fails to carry the
burden under paragraph (b), the court may grant a continuance or temporarily
postpone the trial to allow a response to be made, amended, or supplemented,
and to allow opposing parties to conduct discovery regarding any new
information presented by that response.

Tex. R. Civ. P. 193.6(c).  The State moved for a
continuance several times during trial, but each time the trial court denied
the motion.  While the State does not complain of these rulings in this appeal,
we note that the obvious purpose of Rule 193.6(c) is to alleviate the harshness
of the exclusion of evidence by vesting the trial court with discretion to
grant a continuance in situations where a party such as Target files a motion
to exclude an opponent’s critical evidence on the eve of trial.

 





   
[5]           Target
argues that, irrespective of the Rule 193.6 analysis, any error by the trial
court was harmless because the trial court should have granted Target’s motion
to exclude Lovett’s testimony on the 20% utilization factor on the ground that
it was unreliable under a Daubert/Robinson analysis.  We review a trial
court’s ruling on the admissibility of expert testimony for abuse of
discretion.  Exxon Pipeline Co. v. Zwahr, 88 S.W.3d 623, 629 (Tex. 2002).

                Target argued in the trial court that
Lovett’s methodology behind his 20% utilization factor was flawed because in
calculating the loss in net operating income per lost parking space, he did not
consider the income attributable to those spaces during peak volume periods,
but instead considered the average income per space over the course of a year. 
Lovett testified that he properly used the average income per space because net
operating income was based on rental income that did not vary during the year. 
He said that he had used this methodology before and had observed other
appraisers use it.  The State also offered evidence that Target’s own appraisal
expert had utilized the same methodology in other appraisals.  The trial court
did not abuse its discretion in denying Target’s motion to exclude Lovett’s
testimony as unreliable.

 





   
[6]           Because
we have sustained the State’s first issue, we need not address its second
issue, which complains that the trial court abused its discretion because its
rulings were tantamount to a death-penalty sanction.  We do note, however, that
authority supports the State’s position that a due process analysis under TransAmerican
Nat. Gas Corp. v. Powell, 811 S.W.2d 913 (Tex. 1991), is appropriate when
application of the discovery rules results in merits-preclusive or
death-penalty sanctions.  See, e.g., Wheeler v. Green, 157 S.W.3d 439,
443 (Tex. 2005); Best, 41 S.W.3d at 147-49; Vaughn v. Ford Motor Co.,
91 S.W.3d 387, 391-92 (Tex. App.—Eastland 2002, pet. denied); Crane v. Texas
Dep’t Transp., 880 S.W.2d 55, 59 (Tex. App.—Tyler 1994, writ denied).  We
also need not address the State’s third issue.