ACCEPTED
06-15-00007-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/19/2015 9:41:39 AM
DEBBIE AUTREY
CLERK

**No. 06-15-00007-CV**

In the Court of Appeals for the
Sixth Judicial District of Texas
Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/19/2015 9:41:39 AM
DEBBIE AUTREY
Clerk

_____

**HYDROGEO, LLC AND FIRST BANK & TRUST EAST TEXAS**
*Appellants*
and
**DEBERRY 3 OPERATING COMPANY, LLC**
*Appellants*

vs.

**QUITMAN INDEPENDENT SCHOOL DISTRICT, WOOD COUNTY, UPPER
SABINE WATER DISPOSAL DISTRICT, AND
WOOD COUNTY HOSPITAL DISTRICT,**
*Appellees*

_____

On Appeal from the 402nd Judicial District Court
Wood County, Texas

_____

**APPELLEE'S BRIEF FOR QUITMAN INDEPENDENT SCHOOL DISTRICT**

_____

David Hudson
Texas Bar No. 00786445
Tab Beall
Texas Bar No. 01954000
Perdue, Brandon, Fielder, Collins & Mott, LLP
PO Box 2007
Tyler, Texas 75710-2007
(903) 597-7664
Fax: (903) 597-6298
dhudson@pbfcm.com
tbeall@pbfcm.com

*ORAL ARGUMENT NOT REQUESTED*

Attorneys for Quitman Independent School District

**TABLE OF CONTENTS**

Page

TABLE OF CONTENTS                                       i

CERTIFICATE OF INTEREST PARTIES                         ii

INDEX OF AUTHORITIES                                    iii

STATEMENT OF THE CASE                                   1

STATEMENT REGARDING ORAL ARGUMENT                       1

SUMMARY OF ARGUMENT                                     1

    Issue No. 1                      2

    Issue No. 2                      5

CONCLUSION                                              12

PRAYER                                                  12

CERTIFICATE OF COMPLIANCE                               13

CERTIFICATE OF SERVICE                                  13

# Certificate of Interested Parties

The listed persons having an interest in the outcome of this case as identified by Appellant in the Certificate of Interested Parties is not contested. Appellee, Quitman Independent School District would add the following name as co-counsel for Quitman ISD.

**Appellee**
Quitman Independent
School District

**Counsel for Quitman Independent School District**

David Hudson, lead counsel
dhudson@pbfcm.com
Tab Beall, co-counsel
tbeall@pbfcm.com
Perdue, Brandon, Fielder, Collins & Mott, LLP
PO Box 2007
305 S. Broadway, Suite 200
Tyler, Texas 75710-2007
903-597-7664
fax: 903-597-6298

# INDEX OF AUTHORIES

Page

**CASES**

*Aluminum Co. of Am. vs. Bullock*                                              3
    870 SW2d 2 (Tex. 1994)

*Bocquet vs. Herring*                                                          3
    972 SW2d 19 (Tex. 1998)

*City of Bellaire vs. Sewell*                                                  4
    426 SW3d 116 (Tex.App. – Houston [1st] 2012, no pet.)

*Davis vs. City of Austin*                                                    7
    632 SW2d 331 (Sup. 1982)

*Harris County Appraisal District vs. Texas Gas Transmission Corp.*    10
    105 SW3d 88 (App.1 Dist. 2003) review denied

*Maximum Medical Imp., Inc. vs. County of Dallas*                     7
    272 SW2d 832 (App. 5 Dist. 2008)

*Oscar Luis Lopez vs. LaMadeleine of Texas, Inc.*                     3, 4
    200 SW3d 854 (Tex.App – Dallas, no pet.)

*Parker Plaza West, Ltd. vs. Boniuk Invs., Ltd.*                      3
    153 SW3d 729 (Tex.App – Dallas 2005, no pet.)

*Ramos vs. Champlin Petroleum Co.*                                    5
    750 SW2d 873 (Tex.App. – Corpus Christi 1998, pet. denied)

*Wal-Mart Stores, Inc. vs. Tinsley*                                   4, 5
    998 SW2d 911 (Tex.App. – Texarkana 1999, no pet.)

**STATUTES**

Vernon's Annotated Rules of Civil Procedure

    Rule 193.6(a)(2)      4

Texas Tax Code

    Section 11.01(a)      5

    Section 11.01(b)      5

    Section 21.01      5

    Section 21.02      6

    Section 21.02(a)      6

    Section 21.021      6

    Section 21.04      6

    Section 21.05      6

    Section 21.055      6

    Section 22.01      10

    Section 25.01      7

    Section 25.12      7

    Section 25.19      7

    Section 25.19(d)      8

    Section 25.21      11

Section 26.01                                    7

Section 33.01                                    7

Section 31.01(g)                                 8

Section 33.07                                    7

Section 33.42 (a, b)                             4

Section 33.47(a)                                 3

Section 41.41                                    7, 8

Section 41.41(a)(1)                              8

Section 41.41(a)(3)                              8

Section 41.41(a)(7)                              8

Section 41.41(a)(9)                              9

Section 41.411                                   8

Section 42.09(a)                                 9

Section 42.21                                    9

## STATEMENT OF THE CASE

Appellee, Quitman Independent School District, adopts the Statement of the Case set forth by Appellee Wood County, *etal*.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee, Quitman Independent School District, does not request Oral Argument, but agrees the customary time limits should apply if the Court grants oral argument.

## SUMMARY OF ARGUMENT

**Quitman Independent School District**[1] (hereinafter QISD) seeks foreclosure of its tax lien following entry of Judgment (in the absence of payment of the taxes). This Court should affirm the trial court's Judgment because:

The trial Court properly admitted Exhibit "A"[2] into evidence. This was a bench trial, and the trial judge did not commit error.

---

[1] At trial, Quitman Independent School District was represented by the same Counsel for Wood County, *etal*. (Mr. Jim Lambeth, with the Linebarger, Goggan firm). On appeal, Quitman ISD is represented by Mr. David Hudson, with the Perdue, Brandon firm. References to "Taxing Entities", as utilized by Appellant in its brief, shall include all appellee taxing jurisdictions. References to "QISD" shall be limited to Quitman Independent School District. References to Hydrogeo shall include both Hydrogeo, LLC and First Bank & Trust East Texas as Appellants.

[2] Reference to Exhibit "A" shall mean Tax Entities Exhibit "A" introduced at trial, also included in Appellant's Brief at Appendix A.

1

Exhibit "A", along with pre-trial discovery, put the defendant's on notice of the claim of Taxing Entities, and any typographical errors were cured by the testimony of witnesses.

Taxing Entities met their burden of proof and established their *prima facie* case with the admission into evidence of Exhibit "A". To the extent Hydrogeo was able to successfully rebut that presumption (which is denied), Taxing Entities established through testimonial evidence facts sufficient to meet their burden and support the Court's Judgment.

Taxing Entities had levied their tax on working interest, which is a real property interest, not a personal property interest. Taxing Entities obtained their Judgment on real property, entitling them to foreclosure of their tax lien, and any references to personal property are merely an irrelevant argument.

**APPELLEE QUITMAN INDEPENDENT SCHOOL DISTRICT**

**REPLY TO APPELLANTS ISSUES PRESENTED**

**ISSUE NO. 1 (restated)**

**Did the trial court commit reversible error by admitting Plaintiffs' Exhibit "A" into evidence when the document had not been produced prior to trial, and when the taxing authorities failed to make any showing of good cause for their failure to produce the document.**

Appellant's contention in this issue is that taxing entities *prima facie* case fails because Exhibit "A" was not offered pursuant to a discovery request and that the

2

trial court erred in admitting the document at trial and that admission of evidence constitutes reversible error. The trial court's evidentiary ruling can be reviewed on appeal for abuse of discretion. *Parker Plaza West, LTD. v. Boniuk Invs., Ltd.,* 153 S.W.3d 729, 734 (Tex.App.-Dallas 2005, no pet.) (citing *Aluminum Co. of Am. V. Bullock,* 870 S.W.2d 2, 3 Tex. 1994)). It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Oscar Luis Lopez v. La Madeleine of Texas, Inc.,* 200 S.W.3d 854, 860 (Tex.App-Dallas, no pet.) (citing *Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998)).

The evidentiary issue in this matter was the introduction of a "Certified Copy of Tax Records", dated August 22, 2014. (2 R. R. p.7 line 15-20).

In a suit to collect delinquent taxes, Texas Tax Code (hereinafter "Tax Code") Section 33.47(a) provides:

> [T]he taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute *prima facie* evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

In this case the Taxing Entities introduced the tax records described in Section 33.47(a), creating a rebuttable presumption that the taxes were due, delinquent, and

unpaid.  *City of Bellaire v. Sewell*, 426 S.W.3d 116, 120 (Tex. App.—Houston [1st.] 2012, no pet.)

Appellants contention in their Issue No. 1 is that because the Certified Copy of Tax Records was not provided in discovery, the trial court erred in admitting that evidence over objection at trial without good cause effectively rebutting Taxing Entities *prima facie* case causing harmful error.  "The purpose of the discovery rules is to encourage full discovery of the issues and facts before trial so that parties can make realistic assessment of their respective positions in order to facilitate settlements and prevent trial by ambush."  *La Madeleine* 200 S.W.3d at 860).  In this case there can be no contention of surprise or ambush at trial.  Taxation is a fact of life and Appellants knew or reasonably should have known that a tax liability was due when served with citation.  Taxing Units pleadings include claims for all delinquent taxes penalties, interest, attorney's fees, and costs. (See Original Petition, CR at 9). Additionally, tax records are certified public records with the seal of the appropriate official and Appellants had the same access to them as the Taxing Units. V.T.C.A., Tax Code Sec. 33.42(a, b); Vernon's Ann.Texas Rules Civ.Proc., Rule 193.6(a)(2).

Good cause for the admission of evidence is at the discretion of the Trial Judge.  "The trial court has the discretion to determine whether the offering party has met his burden of showing good cause to admit the testimony."  *Wal-Mart*

4

*Stores, Inc. v. Tinsley,* 998 S.W.2d 911 at 671 (Tex.App.—Texarkana 1999 no pet.).

The trial court here, exercising its discretion, overruled objections and admitted the tax records offered, Exhibit "A", into evidence. (2 R.R. p. 9, line 5 – p. 9, line 13). Furthermore, *Wal-Mart*, 998 S.W.2d at 671, citing, *Ramos v. Champlin Petroleum Co.,* 750 S.W.2d 873, 877 (Tex.App.-Corpus Christi 1998, pet. denied) recognizes that the Trial Court can implicitly find good cause by simply admitting the evidence.

Because the Trial Court did not err in admitting Tax Records, and that admission did not result in an improper judgment, a holding sustaining the Trial Court's admission of evidence should be affirmed.

## ISSUE NO. 2 (restated)

**Did the trial court err by holding taxing entities' entire alleged tax lien enforceable against Hydrogeo, LLC, and First Bank & Trust East Texas when taxing entities failed to segregate that portion of the lien which was unenforceable against Hydrogeo.**

The argument raised in Issue #2 is based upon the erroneous assumption that the value of the real estate (minerals in this case) is combined with the value of personal property to establish one tax account. This is not the law, and all arguments following from that erroneous assumption become moot.

The distinction and separation in the taxation of real estate (minerals in place) from personal property is set forth in Tax Code §11.01(a) for real estate and §11.01(b) for business personal property. The distinction is further echoed in §21.01

5

providing for the taxation of real estate by its *situs* (location) and §21.02 for the taxation of personal property held for the production of income based upon its *situs*.

The reality in separating the taxation of real estate and personal property lies in the fact the real estate is permanently in place, whereas personal property can be moved. In fact, special rules exist for the taxation of personal property to determine its *situs* for purposes of taxation as set forth in Tax Code §21.02(a). There are further rules for the taxation of personal property such as vessels and other watercraft (§21.021), railroad rolling stock (§21.04) and aircraft (§§21.05 and 21.055). There are no provisions in the Tax Code for including the value of "production equipment, such as casing, tubing, pump jacks tanks and surface pipelines" (p. 15 Appellant's Brief) in the value of the underlying working interest (or royalty interest) of a mineral interest. The *situs* rules of §21.02(a) may have even resulted in the business personal property of Hydrogeo being taxed in a different taxing jurisdiction: recall the testimony of Mr. William E. Godsey, Jr., as owner of Hydrogeo, where he states that if there is no longer any production he will "…take my equipment and use it on some other leases". (transcript p. 62). The personal property is clearly movable, and there is nothing in the record to show the personal property of Hydrogeo had even acquired taxable *situs* in Wood County. It may have been taxable in Wood County, and it may have been taxable elsewhere; there is simply nothing in the Record to

6

show *how, where, or if* it was taxed.  Certainly, there is no **evidence** that it was taxed as part of the real estate – only the argument of Hydrogeo.

A more accurate analysis of the taxation of the working interest presently owned by Hydrogeo and the existence of the business personal property at the well head is as follows:

For each of the tax years in question (2009-2011) the Chief Appraiser of Wood County appraised the real property (mineral working interests) the subject of this appeal pursuant to Tax Code §25.01 and in compliance with §25.12.  Any required notices of Appraised Value were mailed pursuant to Tax Code §25.19, and the respective market values of the subject properties were *certified* to the taxing units pursuant to Tax Code §26.01.  Tax bills were mailed pursuant to Tax Code §33.01, and in the absence of payment, the taxes reflected in those bills became delinquent and subject to penalties and interest authorized by Tax Code §33.01 and 33.07.  The admission into evidence of Taxing Entities Exhibit "A" established their *prima facie* case, *Davis vs. City of Austin* (Sup. 1982) 632 SW2d 331, and further established proper delivery of all required tax notices despite taxpayer's assertion that he did not receive any notices.  See also *Maximum Medical Imp., Inc. vs. County of Dallas* (App. 5 Dist. 2008) 272 SW3d 832.

Of note, the Tax Code affords numerous rights to property owners beginning with the Right of Protest authorized in Tax Code §41.41.  Property owners can

protest all of the complaints raised by Hydrogeo, including **(A)** a determination of the appraised value in §41.41(a)(1) to the extent Hydrogeo believed the real estate and personal property values were combined in one total, **(B)** inclusion of the owner's property on the appraisal records (§41.41(a)(3)) or a determination that the property owner is the owner of the property (§41.41(a)(7)) to the extent Hydrogeo *or any other property owner* objected to their inclusion *or* exclusion from the Appraisal Roll (such as Steelman Investments, Inc.), and **(C)** the failure to even receive the notice of appraised value as authorized by §41.411.

Affording some protections to property tax jurisdictions (and preventing a taxpayer from suggesting "I don't owe anything because you never sent me a statement"), the Tax Code provides in §25.19(d) that the failure to receive a notice of appraised value "does not affect the validity of the appraisal of the property, the imposition of any tax…the existence of any tax lien…or any proceeding instituted to collect the tax". Regarding tax bills, the Tax Code provides in §31.01(g) that the failure to "receive the tax bill required by this section…does not affect the validity of the tax, penalty, or interest… the existence of a tax lien, or any procedure to collect a tax".

The Tax Code is **<u>replete</u>** with rights and remedies for the taxpayer, and provides procedures for the taxpayer to exhaust their administrative remedies through the protest procedures set forth in the Tax Code (i.e. §41.41 to protest any

issues with a tax appraisal, including the catch all §41.41(a)(9) "*any other action*…that applies to and adversely affects the property owner". (emphasis added). The administrative remedy provisions of the Tax Code are designed to resolve valuation and description disputes on an administrative level (the taxpayer who complies with the law and follows the administrative remedy provisions can later file suit pursuant to Tax Code 42.21 – not the facts here). In order to emphasize the requirement of exhaustion of administrative remedies, the Tax Code provides in §42.09(a) that the protest procedures of the Tax Code are **exclusive** and may not be raised "in defense to a suit to enforce the collection of delinquent taxes…." Most of the arguments raised by Hydrogeo are issues that should have been timely protested through the administrative remedies provisions of the Tax Code, and not raised as defenses to the underlying delinquent tax suit.

Hydrogeo suggests that Taxing Entities live petition noted "the value of any personal property that *may* be described above…" (emphasis added - Brief p. 16). Although the live petition of Taxing Entities "*may*" describe personal property, it *did not* describe or identify any personal property; Exhibit "A" did not identify any personal property, and the Judgment did not recover taxes on any described personal property. To the extent Taxing Entities may have sought taxes on personal property (which is denied), the Court's Judgment notes in its final paragraph that "All relief prayed for in any of the pleadings in this cause which is not specifically granted by

this judgment is hereby denied". (Appellant's Brief, Appendix B). Hydrogeo raises issues (or imaginatively tries to create issues) and presents appellate arguments regarding the taxation of personal property that simply were not included in the Judgment.

A party seeking to be excused from the lawful obligation of paying taxes should otherwise comply with the law, which brings us to one final note regarding the personal property. Tax Code §22.01 provides a person "…*shall* render for taxation all tangible personal property used for the production of income…." (emphasis added). See *Harris County Appraisal District v. Texas Gas Transmission Corp*. (App. 1 Dist.2003) 105 SW3d 88 review denied – where the Court held "shall" is mandatory, not discretionary. There is nothing in the record to show that any of the taxpayer entities rendered their personal property as required by law (in Wood County or elsewhere), or paid taxes on personal property and were somehow taxed twice on the same property. There is nothing in the record to show that any of the taxpayer entities had paid their personal property taxes but were delinquent on the mineral interests. There is finally nothing in the record to show Taxing Entities sought recovery of specific dollars on specific personal property. The inescapable conclusion (and this conclusion is implicit in Hydrogeo's argument) is that the business personal property held for the production of income at the well head (production equipment, such as casing, tubing, pump jacks tanks and surface

pipelines) *escaped taxation altogether* and perhaps should be added to the Tax Roll as omitted property as authorized by Tax Code §25.21. But it is certainly not a basis for a legal finding that the Judgment entered on the **working interest** (a real property interest) of Hydrogeo is somehow defective because it did not describe and identify personal property. Finally, Hydrogeo should not be rewarded for their failure to render their own business personal property with a finding that such failure becomes a basis to reverse the trial court's Judgment.

The trial court's Findings of Fact and Conclusions of Law (Appellant's Brief, Appendix F) does not make any finding of the existence or taxation of personal property, nor does it include a conclusion of law that the omission of the personal property impacts the lien on the mineral interest owned by Hydrogeo. The tax lien of Taxing Entities is found to be valid and enforceable through foreclosure.

As the personal property was not taxed, the issue of Hydrogeo's status as a *bona fide* purchaser need not be addressed here.[3]

---

[3] QISD maintains the testimony of Loretta Ward that she obtained "a receipt" (Transcript p.25), is not legally the same as a Tax Certificate. See Tax Code §31.075 for receipts, and §31.08 for Tax Certificates. An erroneous Tax Certificate can extinguish the lien of a taxing unit, whereas a receipt is merely evidence of a payment. Obtaining a receipt (not produced in the record) does not make one a *bona fide* purchaser.

## CONCLUSION

The Trial Judge did not commit error in admitting Exhibit "A" into evidence, as the material included in Exhibit "A" had already been provided to the opposing side – there was no surprise or ambush at trial resulting from the admission of certified public records.

Although Appellant suggests that personal property was included in the taxation of Hydrogeo's working interest, the evidence produced by Plaintiff at trial, the Court's Judgment, the Trial Court Findings of Fact and Conclusion of Law and the Texas Property Tax Code all definitively establish taxation of Hydrogeo's mineral interests was limited to their real property interest, and did not include the taxation of personal property. Taxing Entities do not argue Hydrogeo did not have or own personal property; simply that it was not taxed in the accounts the subject of this litigation. Accordingly, the Judgment entered in favor of Taxing Entities is valid.

## PRAYER

Taxing Entities pray that this honorable Court affirm the Judgment of the Trial Court.

Respectfully submitted,


__/s/ David Hudson_____
David Hudson
Texas Bar No. 00786445
Tab Beall
Texas Bar No. 01954000
Perdue, Brandon, Fielder, Collins & Mott, LLP
PO Box 2007
Tyler, Texas 75710-2007
(903) 597-7664
Fax: (903) 597-6298
dhudson@pbfcm.com
tbeall@pbfcm.com


## CERTIFICATE OF COMPLIANCE

Counsel certifies that this reply brief contains, as counted by Microsoft Word, contains 2,915 words. It was typed in 14-point Times New Roman.

Dated: August 18, 2015.

/s/ David Hudson
David Hudson


## CERTIFICATE OF SERVICE

I do hereby certify that the above and forgoing Appellee's Brief for Quitman Independent School District has been served on all counsel of record in accordance with the Texas Rules of Appellate Procedure on August 18, 2015.

/s/ David Hudson
David Hudson