**Affirmed and Opinion Filed November 14, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00360-CV

**MAKEDA SYLVESTER, Appellant**
**V.**
**PERRI MICHAEL, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-16335**

## MEMORANDUM OPINION

Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Breedlove

Makeda Sylvester appeals the trial court's denial of her motion to dismiss Perri Michael's claims under the Texas Citizens Participation Act. TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (TCPA). Concluding that Michael offered clear and specific evidence on each element of her claims and Sylvester did not establish she was entitled to judgment as a matter of law on her affirmative defenses, we affirm the trial court's order.

## BACKGROUND

Michael is an attorney who works in the legal department of Peloton Interactive, Inc. Sylvester, an administrative assistant, also worked for Peloton. During the time they both worked in Peloton's New York office, they became friends and exchanged what Michael describes as "friendly and joking banter" on social media and in text messages. But Sylvester later filed a complaint of discrimination against the company and—according to Michael—"recast" the "banter" as "threatening and abusive" in order to "bolster her allegations" when Peloton failed to offer her any concessions. Sylvester's complaints resulted in two internal investigations at Peloton.

Sylvester also posted accusations against Michael on social media. She posted a "call to action" on LinkedIn, alleging that Michael engaged in workplace retaliation against her. According to Michael, the gist of the post was that Michael had been used by Peloton to "carry out their racist biddings" and was rewarded with incentives and promotions in exchange for bullying Sylvester. Sylvester also accused Michael of creating an "OnlyFans" account under Sylvester's name and uploading pornographic videos of Sylvester on it.

On September 20, 2023, Michael filed this suit asserting claims for defamation, business disparagement, and malicious prosecution against Sylvester and alleging that Sylvester had engaged in "a campaign of disparagement" against her. She pleaded that Sylvester made "false claims to Ms. Michael's employer" and

"published false statements on LinkedIn and other social media platforms that accused Ms. Michael of criminal activity." Michael also alleged that Sylvester made a "false and disparaging criminal harassment complaint" against Michael with the Newark police department, months after Michael had allegedly made the offending post, moved to Texas, and ceased all communication with Sylvester.

Sylvester answered and filed a TCPA motion to dismiss, alleging that her "communications on social media are protected communications expressing her opinion about [Michael's] conduct." She argued that opinions she posted on social media "concerning [Michael's] conduct including [Michael's] threats and cyber-bullying" "should be found to qualify as 'communications' as defined by the TCPA."

In her TCPA motion, Sylvester argued that her "communications on social media are protected communications expressing her opinion about [Michael's] conduct":

> Social media posts, such as those made by [Sylvester] reflect an opinion about [Michael's] threats, cyber-bullying, and other conduct. The Texas legislature recognizes the right of free speech and passed the TCPA . . . so that people like [Sylvester] can state their opinions on social media without risking ruinous litigation for exercising their right to free speech. . . .
>
> In this case, [Sylvester] posted opinions concerning [Michael's] conduct including her threats and cyber-bullying. These social media posts should be found to qualify as "communications" as defined by the TCPA. . . .
>
> Here, [Sylvester] explained to the public that [Michael], who is an attorney, had threatened a physical assault and engaged in

cyberbullying. . . . [Sylvester] in this case made social media posts that are a matter of public concern: that an attorney was threatening a physical assault and bullying her. The communications qualify as a matter of public concern. [Sylvester] therefore has made the relevant showing under step one of the TCPA, and the burden now shifts to [Michael].

After Sylvester filed her motion to dismiss, Michael moved for "expedited specified and limited discovery under [TCPA] § 27.006(b)." Michael submitted four proposed interrogatories and nine proposed requests for production with her motion. Michael argued that "[t]hese limited discovery requests go to the heart of whether [Sylvester's] statements posted on social media and made to Peloton and law enforcement were, in fact, 'true'—as [Sylvester] claims in her TCPA Motion—and whether the statements that [Sylvester] made can qualify as a 'matter of public concern.'" Michael also explained her "belie[f] that the limited discovery sought not only will evidence that [Sylvester's] alleged statements were false but also that [Sylvester] *knew* such statements were false at the time that she made such misrepresentations."

Michael's four interrogatories sought information from Sylvester about the "fake pages" and "OnlyFans" accounts Sylvester accused Michael of creating on social media. Michael also asked for information about Sylvester's allegation that Michael was having an affair with Sylvester's boyfriend. The nine categories of documents Michael requested also related to these topics and to the complaint Sylvester made to the police. Michael also requested leave to serve a subpoena on

Peloton for deposition on written questions and production of documents relating to Sylvester's complaints to Peloton about Michael.

The trial court granted the motion, ruling that Michael "may serve and obtain the limited discovery attached to her Motion as Exhibits A and B, and [Sylvester] shall serve her responses within 14 days of service of the same." The court also granted leave to serve the subpoena on Peloton and ruled that the parties "shall exchange initial disclosures within the time set forth above."

Michael then filed her response to the motion to dismiss, proffering affidavit testimony from five witnesses and Sylvester's discovery responses. Sylvester filed a reply. Sylvester also filed an objection and motion to strike the declaration of Cassandre Lamarre on the ground that Lamarre was not identified in Michael's rule 194.2 disclosures. In her reply, Sylvester raised for the first time[1] a complaint that limitations barred one of Michael's defamation claims.

After a hearing, the trial court denied Sylvester's motion to dismiss by written order dated March 20, 2024. This appeal followed. Sylvester's appellate complaints arise from two contentions: (1) the trial court failed to consider evidence of Michael's alleged ethical violations, and (2) the trial court considered evidence that was not included in Michael's initial disclosures.

---

[1] In her operative answer, Sylvester generally pleaded "the affirmative defense of statute of limitations," but she did not include any mention of the defense in her TCPA motion.

The TCPA protects citizens from retaliatory lawsuits that seek to silence or intimidate them for exercising their rights in connection with matters of public concern. *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding). *See generally* TCPA §§ 27.001–.011. The stated purpose of the statute is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TCPA § 27.002.

To accomplish this purpose, the statute provides a three-step procedure to expedite dismissing claims brought to intimidate or to silence a defendant's exercise of a protected right. *Youngkin v. Hines*, 546 S.W.3d 675, 679–80 (Tex. 2018); *see also* TCPA §§ 27.003(a), 27.005. In step one, the movant bears the initial burden of showing by a preponderance of the evidence that the legal action is based on or is in response to the movant's exercise of the right of free speech, the right of association, or the right to petition. TCPA § 27.005(b); *see also S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). A movant may seek dismissal even if she denies making the communication. *Hersh v. Tatum*, 526 S.W.3d 462, 463 (Tex. 2017).

If the movant makes this initial showing, the burden shifts to the nonmovant in step two to establish by clear and specific evidence a prima facie case for each

essential element of its claims. TCPA § 27.005(c); *see also Elliott*, 564 S.W.3d at 847. "Prima facie case" refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted. *Lipsky*, 460 S.W.3d at 590. This standard requires the nonmovant to bring forth "the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *Id.* (quoting *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) (per curiam)). "Prima facie evidence is evidence that will suffice as proof of a fact in issue; in other words, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposite party." *Mishkoff v. Garrett*, No. 05-22-01063-CV, 2024 WL 770142, at *3 (Tex. App.—Dallas Feb. 26, 2024, pet. denied) (mem. op.) (internal quotation omitted).

Finally, in step three, the court must dismiss the legal action if the movant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." TCPA § 27.005(d).

"Except as provided by Section 27.006(b), on the filing of a motion under this section, all discovery in the legal action is suspended until the court has ruled on the motion to dismiss." TCPA § 27.003(c). "On a motion by a party . . . and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion." TCPA § 27.006(b). Discovery is "relevant to the motion" "if it seeks information related to the allegations asserted in the motion." *In re SPEX Grp. US LLC*, No. 05-18-00208-CV, 2018 WL 1312407, at *4 (Tex. App.—Dallas Mar. 14,

–7–

2018, orig. proceeding) (mem. op.). "Some merits-based discovery may also be relevant, however, to the extent it seeks information to assist the non-movant to meet its burden to present a prima facie case for each element of the non-movant's claims to defeat the motion to dismiss." *Id.*

The TCPA includes deadlines for filing the motion to dismiss, for a hearing on the motion, and for the court's ruling. A motion to dismiss must be filed "not later than the 60th day after the date of service of the legal action." *Id.* § 27.003(b). A party responding to the motion "shall file the response, if any, not later than seven days before the date of the hearing." *Id.* § 27.003(e). Section 27.004 sets forth the deadlines for holding a hearing on the motion. If the court allows discovery under § 27.006(b), the court may extend the hearing date, "but in no event shall the hearing occur more than 120 days after" service of the TCPA motion. *Id.* § 27.004(c). The court must rule on the motion "not later than the 30th day following the date the hearing on the motion concludes." *Id.* § 27.005(a).

We review de novo the trial court's ruling on a motion to dismiss under the TCPA. *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied). "In conducting this review, we consider, in the light most favorable to the non-movant, the pleadings and any supporting and opposing affidavits stating the facts on which the claim or defense is based." *Dyer*, 573 S.W.3d at 424 (internal quotation omitted); *see also* TCPA § 27.006(a). "Additionally, a trial court may, but

is not required to, receive the submission of documentary evidence, including deposition transcripts." *Gehrke v. Merritt Hawkins & Assocs., LLC*, No. 05-19-00026-CV, 2020 WL 255689, at *2 (Tex. App.—Dallas Jan. 17, 2020, pet. denied) (mem. op.). However, the plaintiff's petition is generally "the best and all-sufficient evidence of the nature of the action." *Hersh*, 526 S.W.3d at 467 (internal quotations omitted).

## DISCUSSION

### 1.    Sylvester's issues

Sylvester raises five issues. First, she contends that her statements regarding Michael's ethical violations "were based on, relate to,[2] or were made to further her exercise of the right of free speech, the right to associate, or the right to petition," and were made "in connection with a matter of public concern."

Second, Sylvester argues that the trial court erred by disregarding her discovery responses when considering the scope of claims adequately raised in her motion to dismiss. Third, Sylvester argues the trial court erred by considering in response to the motion to dismiss certain testimony, factual allegations, and legal arguments that were not disclosed by Michael in her initial disclosures.

---

[2] We note that in the Legislature's 2019 amendments to the TCPA, the words "relates to" were removed from § 27.003(a). Act of May 17, 2019, 86th Leg., R.S., ch. 378 § 2, 2019 Tex. Gen. Laws 684, 685 (codified at TEX. CIV. PRAC. & REM. CODE § 27.003(a)). We apply the current version of § 27.003(a) in this opinion. In addition, § 27.003(a) has no provision regarding statements "made to further [a person's] exercise of" one of the included rights. *See id.* TCPA § 27.003(a) addresses legal actions "based on" or "in response to" a party's exercise of the rights specified. We will construe Sylvester's issue to challenge Michael's legal action on these statutory grounds. TEX. R. APP. P. 38.1(f) (statement of appellate issue will be "treated as covering every subsidiary question that is fairly included").

Fourth, Sylvester contends that Michael failed to establish, by clear and specific evidence, a prima facie case for each essential element of her claims. Sylvester specifically complains that Michael failed to present clear and specific evidence of damages because the trial court considered evidence that Michael did not include in her initial disclosures. Therefore, Sylvester contends, "given her deficient responses to Sylvester's requests for initial disclosure[,]" there is no evidence of damages. And fifth, Sylvester argues that she demonstrated by a preponderance of the evidence that Michael violated the Texas Disciplinary Rules and did not file this suit within the statute of limitations.

## 2.    Issue 2: Scope of Motion to Dismiss

We first address Sylvester's second issue—whether the trial court erred in limiting the motion to dismiss to certain social media posts Michael claimed were defamatory—because it is instructive to the other issues on appeal. In her second issue, Sylvester argues that the trial court erred in failing to address all of the factual claims raised by Michael's petition, and instead, limiting the scope of the motion to dismiss to the social media posts. Sylvester argues the trial court should have read her motion to dismiss in context by considering her discovery responses in determining "the scope of the TCPA motion including the claims being challenged,

the facts that support the motion, and the scope [of the] associated legal argument."[3]

She contends that even though her TCPA motion omitted mention of Michael's alleged ethical violations, her court-ordered discovery responses addressed them.[4]

The trial court granted Michael's motion "for expedited specified and limited discovery" under TCPA § 27.006(b), and also ruled that "the parties shall exchange initial disclosures" in advance of the hearing on Sylvester's TCPA motion. Sylvester contends that her "court-ordered" discovery responses "inform[ed] the trial court of the bases for the TCPA motion." In sum, Sylvester argues the trial court erred by construing the motion to dismiss as addressing only Sylvester's social media posts, not Sylvester's complaints of Michael's ethical violations. She complains that the trial court "seems to have ordered the discovery, then ignored it."

Sylvester's initial TCPA motion to dismiss was filed on November 13, 2023. She filed "amended" or "reasserted" TCPA motions on December 13, 2023, December 14, 2023, and March 6, 2024.[5] None of Sylvester's amended or reasserted motions included an argument regarding Michael's alleged ethical violations that

---

[3] Sylvester adds that the trial court erred by "disregarding the deficiencies" in Michael's responses, specifically, the failure to disclose the identity of a fact witness and the basis for her damages. We address this complaint in our discussion of Sylvester's third issue.

[4] Sylvester does not challenge the trial court's ruling granting discovery under TCPA § 27.006(b). As we discuss, her appellate complaints are about the use of those responses in the TCPA's three-step analysis. *See* TCPA § 27.005.

[5] We express no opinion about the propriety or timeliness of these filings because no such issue has been presented on appeal.

Sylvester now asserts on appeal, such as Sylvester's allegation that "Michael violated D.R. 1.06."

After Michael responded, Sylvester filed her reply supporting her TCPA motion on March 5, 2024. With the reply, she submitted an email that she sent to Peloton's "Chief People Officer" Shari Eaton and its Chief Executive Officer Barry McCarthy on August 16, 2022, entitled "Code of Conduct Concern." In her declaration supporting the reply, she stated that she "sent the email attached as Exhibit 1 to Peloton on August 16, 2022," but she cited the email only in support of her new argument that any defamation claim based on it was barred by limitations.

We reject Sylvester's contention that she adequately raised in her motion to dismiss whatever factual allegations were addressed in her discovery responses, and then were omitted from the motion itself. We conclude that allegations omitted from Sylvester's TCPA motion are not at issue on appeal. *See Undine Tex. LLC v. Ware*, No. 14-19-00777-CV, 2021 WL 5576056, at *6 (Tex. App.—Houston [14th Dist.] Nov. 30, 2021, pet. denied) (claims based on communications not addressed in movant's TCPA motion were not at issue on appeal).

Sylvester also argues the trial court erred in failing to consider in the context of the TCPA motion certain matters raised for the first time in her reply brief. We similarly reject her contention because the scope of the TCPA motion is defined by the matters raised in the original motion itself, and cannot be expanded by including new issues for the first time in the reply brief. *See Bookout v. Shelley*,

–12–

No. 02-22-00055-CV, 2022 WL 17173526, at \*12 (Tex. App.—Fort Worth Nov. 23, 2022, no pet.) (mem. op.) (trial court did not err in rejecting argument, made for the first time in TCPA reply brief, that plaintiffs' defamation claim lacked basis in law); *Edry-TX-II, GP v. CCND-Main ST Shopping Ctr., LP*, 683 S.W.3d 450, 458–59 (Tex. App.—Houston [14th Dist.] 2023, pet. denied) (assertion of limitations defense in TCPA reply brief was not timely).

For these reasons, we overrule Sylvester's second issue.

### 3.    Issue 1: Sylvester's initial burden

Sylvester frames her first issue as "whether Sylvester's statements regarding [Michael's] ethical violations were based on . . . her exercise of the right of free speech, the right to associate, or the right to petition, and whether that exercise was made in connection with a matter of public concern." Her argument in support of this issue is entitled, "Michael violated D.R. 1.06." Sylvester contends that her report to Peloton of "Michael's unethical conduct" was a protected communication under the TCPA.

Sylvester's first issue presumes that the TCPA motion effectively sought dismissal of Michael's defamation claims based on Sylvester's email to Peloton reporting that Michael committed ethical violations. Because we have concluded that the scope of the motion to dismiss did not include these claims, we need not

address whether such claims would fall under the TCPA.[6] Therefore, we overrule Sylvester's first issue.

## 4.  Issue 3: Consideration of affidavit

In her third issue, Sylvester argues the trial court erred by considering the affidavit of Cassandre Lamarre, a witness who was not disclosed in Michael's rule 194 disclosures. *See* TEX. R. CIV. P. 194.2. The trial court ordered the parties to exchange initial disclosures in its January 18, 2024 order granting Michael's discovery motion. The record reflects that Michael had already served her disclosures on December 13, 2023, and did not amend them to include Lamarre within the time specified in the trial court's order.

On March 1, 2024, Michael filed her response to Sylvester's TCPA motion. She attached a declaration by Lamarre as Exhibit 4. Lamarre testified that she is a criminal defense attorney licensed in New Jersey. Sylvester filed a criminal complaint against Michael in New Jersey in 2023, and Michael was charged with harassment. Lamarre represented Michael at an initial hearing and reviewed the evidence produced by the prosecutor. She then conferred with the assigned prosecutor, who agreed to drop all charges against Michael for lack of evidence. The prosecutor then dismissed all charges at a subsequent hearing. Lamarre stated that

---

[6] The trial court's determination that Sylvester satisfied step one of the TCPA analysis with respect to the social media posts is not challenged by either party on appeal and we need not address its application any further because we conclude Michael offered clear and specific evidence of her claims and Sylvester failed to establish an affirmative defense as a matter of law. *See Lipsky*, 460 S.W.3d at 586–87 (discussing steps in TCPA analysis).

"[a]s a result, the court moved for an expedited expungement on [Michael's] behalf." Lamarre also testified that Michael retained her services for a flat fee of $1,700.00, and this fee was "reasonable considering the time and labor required, the seriousness of the issues and the results obtained, my experience and ability as an attorney, and the customary fees charged for similar work in New Jersey."

By written motion, Sylvester moved to strike Lamarre's declaration on the ground that Lamarre was not identified as a fact witness in Michael's disclosures. Sylvester then raised the issue at the TCPA hearing, and the trial court overruled the objection. We review the trial court's evidentiary ruling for an abuse of discretion. *Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 859 (Tex. App.—Dallas 2006, no pet.).

At the TCPA hearing, Michael's counsel responded to Sylvester's motion to strike, arguing among other matters that there was no unfair prejudice to Sylvester under civil procedure rule 193.6.[7] *See* TEX. R. CIV. P. 193.6(a); *see also Lopez*, 200 S.W.3d at 860 (citing TEX. R. CIV. P. 193.6(a) and explaining that the penalty for failure to supplement a discovery response is exclusion of the evidence at trial unless the trial court finds good cause for the failure, or finds that the failure to amend or supplement the response will not unfairly surprise or unfairly prejudice the other

---

[7] Rule 193.6 provides that a party "may not introduce in evidence . . . material or information that was not timely disclosed, or offer the testimony of a witness . . . who was not timely identified" in discovery unless the offering party establishes good cause or the lack of unfair surprise or unfair prejudice. TEX. R. CIV. P. 193.6. Although Sylvester does not specifically cite rule 193.6 in support of her argument that the trial court should not have considered evidence not disclosed in discovery, she argues its substance.

–15–

parties). Counsel also contended that even if Lamarre had been disclosed and Sylvester had obtained evidence to controvert Lamarre's testimony, under the TCPA it would be improper for the trial court to weigh the evidence or consider controverting evidence in determining whether Michael established her prima facie case under TCPA § 27.005(c).

Sylvester has not cited authority applying the rule of exclusion under rule 193.6(a) to evidence proffered in TCPA proceedings, and we have found none. Rule 193.6 addresses the effect at trial of a failure to timely respond to discovery. In *Lopez*, we explained that the purpose of the discovery rules "is to encourage full discovery of the issues and facts before *trial* so that parties can make realistic assessments of their respective positions in order to facilitate settlements and prevent *trial by ambush*." 200 S.W.3d at 860 (Emphasis added).

The TCPA and cases interpreting it, in contrast, make clear that a hearing on a TCPA motion to dismiss is not a trial on the merits. *See, e.g.*, *Stallion Oilfield Servs. Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 215 (Tex. App.—Eastland 2019, pet. denied) ("[A] TCPA motion to dismiss is not a trial on the merits and is not intended to replace either a trial or the summary judgment proceeding established by the Texas Rules of Civil Procedure."). The TCPA includes its own expedited procedures and burdens of proof. Discovery is not permitted at all, unless the trial court finds good cause for "specified and limited discovery relevant to the motion." TCPA § 27.006(b).

–16–

As the supreme court has explained, "[t]he motion to dismiss stage is not a battle of evidence; it is the clearing of an initial hurdle. The [TCPA] does not select for plaintiffs certain to succeed; it screens out plaintiffs certain to fail—those who cannot support their claims with clear and specific evidence." *USA Lending Group, Inc. v. Winstead, PC*, 669 S.W.3d 195, 205 (Tex. 2023) (footnotes omitted). For purposes of § 27.005(c), evidence is "clear and specific" "if it provides enough detail to show the factual basis for the claim." *Id.* at 200. "Such evidence need not be conclusive, uncontroverted, or found credible." *Id.* We conclude that the trial court did not abuse its discretion in overruling Sylvester's objection to Lamarre's affidavit. *Lopez*, 200 S.W.3d at 859. We overrule Sylvester's third issue.

## 5.     Issue 4: Clear and specific evidence of damages

In her fourth issue, Sylvester makes two arguments to support her complaint that Michael failed to establish, by clear and specific evidence, that she suffered any damages. First, she argues that Michael failed to make timely disclosures of the damages she claims and never supplemented her disclosure responses as required by the trial court's order permitting discovery. Again, she contends that where the trial court has permitted discovery under TCPA § 27.006(b), evidence not disclosed in that discovery cannot be considered in the TCPA proceedings. For the reasons we explained in discussing Sylvester's third issue, we overrule this portion of her fourth issue.

Second, Sylvester argues that Michael failed to offer any clear and specific evidence of her damages. Her challenge is directed to Michael's claims for business disparagement and malicious criminal prosecution. She cites *Burbage v. Burbage*, 447 S.W.3d 249, 262–63 (Tex. 2014),[8] in support of her challenge to Michael's business disparagement claim. In *Burbage*, the court reversed the jury's damages award in a defamation case where the evidence did not "show actual loss of reputation, that anyone believed the defamation, [or] that [the plaintiff] suffered an actual loss." *Id.* at 262.

Michael responds that the record[9] includes clear and specific evidence of her damages on each claim placed in issue by Sylvester's motion. Quoting *Elliott*, 564 S.W.3d at 847, she also argues that "'[d]irect evidence of damages is not required, but the evidence must be sufficient to allow a rational inference that some damages naturally flowed from the defendant's conduct.'"

Michael argues:

Here, the record demonstrated at least the following: [Sylvester] made numerous statements on social media and directly to Peloton (although the latter were not placed in issue by [Sylvester's TCPA] motion) in which she claimed that Ms. Michael harassed her, engaged in workplace bullying, had advanced in the company through this bullying

[8] Michael argues that *Burbage* is inapposite because (1) it is a case tried to a jury verdict, not involving the TCPA, (2) the plaintiff in *Burbage* did not plead a business disparagement claim, and (3) in any event, Michael's "testimony that her pay trajectory changed following [Peloton's] second investigation prompted by [Sylvester's] false statements satisfies her burden under the TCPA."

[9] Michael explains that even though the relevant information was blacked out on the copy of her TCPA response initially filed in the trial court, she supplied opposing counsel and the trial court with an unredacted copy of the response, including information about her damages, before the hearing on Sylvester's motion and before Sylvester's reply was due. The unredacted copy is included in our supplemental clerk's record on appeal.

and not on her own merit, and that Ms. Michael violated Peloton's code of conduct. [Sylvester] made these accusations even after she was no longer an employee, but shortly before Ms. Michael was set to make an appearance in criminal court on [Sylvester's] false charges. The statements included an email directly to Peloton's CEO accusing Ms. Michael of violating workplace rules.

[Sylvester's] conduct prompted a second workplace investigation of Ms. Michael and the suggestion by her supervisor that she take time off from work. The workplace investigation concluded that Ms. Michael had not done the things [Sylvester] claimed, but that she had nevertheless violated company policy. One month after that finding, Ms. Michael's annual pay adjustment was reduced to below the rate of inflation, and the increase was less than in years prior. [Record citations omitted].

Michael concludes that she presented sufficient evidence "to support an inference that [Sylvester's] statements injured Ms. Michael in her business, adversely impacted her pay scale at the company, and caused pecuniary harm," citing "roadblocks to career and pay advancement, and reduced trust between Ms. Michael and her client, Peloton." We conclude this evidence is "sufficient to allow a rational inference that some damages naturally flowed" from Sylvester's conduct. *Elliott*, 564 S.W.3d at 847.

Sylvester's argument regarding damages arising from Michael's malicious prosecution claim is a repeat of her challenge to Lamarre's affidavit; we again reject that argument here. Further, we note that accusing someone of a crime, as Sylvester did by making her police report, is an example of defamation per se, a statement that is "so obviously harmful" that general damages are presumed. *Lipsky*, 460 S.W.3d

at 593, 596. Concluding that Michael offered clear and specific evidence that she suffered damages, we overrule Sylvester's fourth issue.

**6.      Issue 5: Affirmative defenses**

In her fifth issue, Sylvester contends the trial court erred by denying her TCPA motion because she established that (1) one of Michael's claims was barred by limitations and (2) Sylvester's statement that Michael violated the Texas Disciplinary Rules was true. *See* TCPA § 27.005(d) (court shall dismiss legal action if moving party establishes an affirmative defense on which it is entitled to judgment as a matter of law).

Sylvester's limitations defense is based on alleged statements made in her August 2022 email to Peloton's CEO and its Chief People Officer. As we have discussed, Sylvester did not raise this claim in the original or amended TCPA motion, but rather, raised it for the first time in the reply brief. In her reply, Sylvester argued that "one of the defamation claims"—based on the August 2022 email—was barred by the one-year statute of limitations because Michael did not file suit until September 20, 2023. She also submitted her declaration stating, "I sent the email attached as Exhibit 1 to Peloton on August 16, 2022." Because we have concluded that the scope of the TCPA motion is limited to claims raised in the motion and is not extended to issues raised for the first time in the reply brief, we overrule this portion of Sylvester's issue. *See Bookout*, 2022 WL 17173526, at *12; *Edry-TX-II, GP*, 683 S.W.3d at 458–59.

Sylvester next argues she established "[t]he affirmative defense of 'truth'" by a preponderance of the evidence. She argues that she established that Michael acted unethically and violated the disciplinary rules "by advising Sylvester (an employee of Peloton) to pursue a claim against her client (also Peloton) for selfish reasons (because Peloton was making Michael's life difficult)." Sylvester failed to raise this argument in the trial court and accordingly has waived it. TEX. R. APP. P. 33.1 (preservation of complaint for appellate review).

We conclude that Sylvester did not meet her burden in step three of the TCPA analysis to conclusively establish an affirmative defense. *See* TCPA § 27.005(d) (moving party bears burden to establish affirmative defense); *Zidan v. Zidan*, No. 05-20-00786-CV, 2022 WL 17335693, at *6 (Tex. App.—Dallas Nov. 30, 2022, pet. denied) (mem. op.) ("a TCPA movant relying upon an affirmative defense for dismissal must conclusively establish that defense"). We overrule Sylvester's fifth issue.

## CONCLUSION

The trial court's March 20, 2024 order denying Sylvester's motion to dismiss is affirmed.

240360F.P05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

–21–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAKEDA SYLVESTER, Appellant

No. 05-24-00360-CV     V.

PERRI MICHAEL, Appellee

On Appeal from the 116th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-23-16335. Opinion delivered by Justice Breedlove. Justices Molberg and Kennedy participating.

In accordance with this Court's opinion of this date, the trial court's March 20, 2024 order denying appellant Makeda Sylvester's motion to dismiss is **AFFIRMED**.

It is **ORDERED** that appellee Perri Michael recover her costs of this appeal from appellant Makeda Sylvester.

Judgment entered this 14th day of November, 2024.