**AFFIMRED and Opinion Filed January 20, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00717-CV**

**F 1 CONSTRUCTION, INC., Appellant**
**V.**
**PHILLIP W. BANZ AND MARCOS GUTIERREZ, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-01308-2018**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Garcia

This case involves the automatic exclusion of damages evidence for failure to timely respond to discovery and a subsequent take-nothing judgment against appellant. In three issues, appellant F1 Construction ("Construction") argues the trial court abused its discretion by awarding death penalty sanctions because there was no evidence of bad faith and the court failed to consider less drastic measures.[1] As discussed below, we disagree, and affirm the trial court's judgment.

---

[1] Appellee has not filed a brief.

## I. Background

Construction filed an Original Petition against defendants Phillip Banz and Marcos Gutierrez (together, "Defendants") on May 30, 2018. The petition alleged that Construction entered into a contract with Defendants for plumbing work on six projects. According to Construction, the work was not performed or was deficient. Construction sought recovery of "actual or economic damages for all incomplete and remedial work in excess of $25,000 . . . special or consequential damages for loss of use permits, cancellation costs, and loss of goodwill in excess of $25,000," exemplary damages, and attorney's fees based on claims for breach of contract, fraudulent inducement, negligent misrepresentation, and common law fraud.

The Defendants were served and answered. Gutierrez's answer included a Rule 194 request for disclosure in the body of the pleading. Banz's pleading was entitled "Original Answer, Rule 193.7 Notice, and Request for Disclosure," and also made the Rule 194 request in the body of the pleading.

The case was dismissed for want of prosecution but was subsequently reinstated. Thereafter, the case was set for trial but continued pursuant to a joint motion for continuance.

The case was ultimately called to trial on June 6, 2019. The day before trial, Gutierrez filed an objection to and motion to exclude Construction's evidence of damages because Construction never responded to the Rule 194 requests for

disclosure. After receiving the motion, at approximately 4:00 p.m., Construction provided Defendants with some damages evidence.[2]

The court considered the motion to exclude before trial began. Defendants argued that Construction failed to disclose the amount and method of calculating damages and that Rule 193.6 required exclusion of the evidence. Counsel for Construction argued that he wasn't aware of the disclosure requests until the motion was filed and his failure to respond was inadvertent.

The trial court granted the motion and excluded the evidence, and Construction made a bill of exception. The trial court entered a take-nothing judgment against Construction and, at Construction's request, made findings of fact and conclusions of law.[3]

## II.   Analysis

Construction's three issues seek to characterize the exclusion of the evidence as an improper death penalty sanction under TEX. R. CIV. P. 215. To this end, it argues that the exclusion of the evidence constituted a death penalty sanction because it was case-determinative, and the sanction was unjust because the record does not show the court considered a lesser sanction. It further argues that the court erred by granting Rule 215 relief as to Banz because only Gutierrez's motion was in

---

[2] The record is not entirely clear about what information was provided, but it appears there was a damages calculation and a previously undisclosed witness.

[3] The findings and conclusions generally pertain to the final judgment, and do not include particular findings on the motion to exclude.

writing, and Banz made his motion orally, thereby depriving Construction of the requisite Rule 215 notice and a hearing.

Notwithstanding Construction's characterization, this is not a Rule 215 sanctions case. Sanctions for discovery abuse under Rule 215 are discretionary. *See* TEX. R. CIV. P. 215; *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding); *see also In re First Transit, Inc.*, 499 S.W.3d 584, 591 (Tex. App.—Houston [14th Dist.] 2016) (orig. proceeding) (discretionary sanction under Rule 215 must be just).[4] The Rule 193.6 penalty, however, is mandatory. *See* TEX. R. CIV. P. 193.6; *Cornejo v. Jones*, No. 05-12-01256-CV, 2014 WL 316607, at *3, (Tex. App.—Dallas Jan. 29, 2014, no pet.) (mem. op.) (stating that per Rule 193.6, the trial court possesses no discretion and must exclude evidence not timely provided, amended, or supplemented in response).[5] Because Rule 193.6's sanction is automatic and not discretionary, the trial court's imposition of the required sanction is not reviewed under a *TransAmerican* death penalty sanction analysis. *White v. Perez*, No. 02-09-251-CV, 2010 WL 87469, at *2 (Tex. App.—

---

[4] A trial court may sanction a party for failing to comply with discovery requests or orders. *See* TEX. R. CIV. P. 215. Among other things, permissible sanctions include disallowing further discovery, striking pleadings or parts thereof, prohibiting the disobedient party from introducing designated matters into evidence, dismissing the action with or without prejudice, rendering judgment by default, and requiring the disobedient party or the disobedient party's attorney to pay reasonable expenses relating to the discovery abuse. TEX. R. CIV. P. 215.2(b). A death-penalty sanction is any sanction that adjudicates a claim and precludes the presentation of the claim on the merits. *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991).

[5] The court does have the discretion under Rule 193.6 (c) to grant a continuance to allow additional discovery, but neither party requested a continuance. *See* TEX. R. CIV. P. 193.6(c).

Fort Worth Jan. 7, 2010, pet. denied) (mem. op.) (citing *TransAmerican*, 811 S.W.2d at 917).

The court did not impose a Rule 215 discretionary sanction here. There was no Rule 215 motion for sanctions, nor was Rule 215 mentioned or argued at the hearing or in the court's findings. Instead, Defendants moved for the exclusion of evidence under Rule 193, and this is the rule the court considered and applied. We therefore consider whether the trial court's application of Rule 193 was in error.

Rule 193.6 requires the exclusion of evidence and witnesses that are not timely disclosed in response to discovery requests. TEX. R. CIV. P. 193.6(a). The Rule "is mandatory, and the penalty—exclusion of evidence—is automatic, absent a showing of: (1) good cause or (2) lack of unfair surprise or (3) unfair prejudice." *Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 860 (Tex. App.—Dallas 2006, no pet.).

The burden of establishing good cause or lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence. TEX. R. CIV. P. 193.6(a). The good cause exception "allows a trial judge to excuse a party's failure to comply with discovery obligations in difficult or impossible circumstances." *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 718 (Tex. App.—Dallas 2011, pet. denied). Inadvertence, lack of surprise, or the uniqueness of the offered evidence, however, do not constitute good cause. *Id.* If Construction failed to meet this burden, then under rule 193.6, the trial court's decision to exclude the evidence

should be affirmed. *See Cunningham v. Columbia/St. David's Healthcare Sys., L.P.*, 185 S.W.3d 7, 13 (Tex. App.—Austin 2005, no pet.).

We review the trial court's decision for an abuse of discretion. *VSDH Vaquero Venture, LTD. v. Gross*, No. 05-19-00217-CV, 2020 WL 3248481, at *4 (Tex. App.—Dallas June 16, 2020, no pet.) (mem. op.). The general test for abuse of discretion is whether the trial court acted without regard to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). This occurs when either (1) the trial court fails to analyze or apply the law correctly, or (2) with regard to factual issues or matters committed to its discretion, the trial court could reasonably only reach one decision and failed to do so. *Jaster-Quintanilla & Assocs., Inc. v. Prouty*, 549 S.W.3d 183, 188 (Tex. App.—Austin 2018, no pet).

The purposes of Rule 193.6 are threefold: (i) to promote responsible assessment of settlement, (ii) to prevent trial by ambush, and (iii) to give the other party the opportunity to prepare rebuttal to expert testimony. *In re D.W.G.K.*, 558 S.W.3d 671, 680 (Tex. App.—Texarkana 2018, pet. denied). Accordingly, in order to establish the absence of unfair surprise or prejudice, the party seeking to call an untimely disclosed witness or introduce untimely disclosed evidence must establish that the other party had enough evidence to reasonably assess settlement, to avoid trial by ambush, and to prepare rebuttal to expert testimony. *Id.*

Here, it is undisputed that the information was not timely provided. The requests for disclosure were outstanding for almost a year and no information was

provided until the eve of trial. Construction acknowledged that its failure to respond was inadvertent. Although Construction argued that exclusion was a harsh penalty, it presented no evidence that it would have been difficult or impossible for it to have timely disclosed the evidence. Nor does Construction argue on appeal that there is evidence of good cause in the record.

Likewise, Construction offered no evidence to demonstrate the absence of unfair surprise or prejudice. Indeed, there is nothing to suggest that Defendants had enough evidence to reasonably assess settlement, avoid trial by ambush, or prepare rebuttal to expert testimony. *See In re D.W.G.K.*, 558 S.W.3d at 680.

In addition, Construction's argument that Banz's oral motion was inappropriate because Rule 215 sanctions require notice and a hearing is misplaced. Banz did not request discretionary sanctions for discovery abuse under Rule 215. Instead, Banz simply stated orally that he joined Gutierrez's written request for exclusion under Rule 193. We are aware of no authority, nor does Construction provide any, precluding the oral presentation of or joining in such a motion.

Because Construction did not meet its burden to show good cause or lack of surprise or prejudice—an exception to Rule 193's automatic, mandatory exclusion penalty—the trial court did not abuse its discretion by excluding the untimely disclosed evidence.

We resolve Construction's issues against it and affirm the trial court's judgment.



                           /Dennise Garcia/
                           DENNISE GARCIA
                           JUSTICE


190717F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

F 1 CONSTRUCTION, INC.,
Appellant

No. 05-19-00717-CV     V.

PHILLIP W. BANZ AND MARCOS
GUTIERREZ, Appellee

On Appeal from the County Court at
Law No. 4, Collin County, Texas
Trial Court Cause No. 004-01308-
2018.
Opinion delivered by Justice Garcia.
Justices Schenck and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee PHILLIP W. BANZ AND MARCOS GUTIERREZ recover their costs of this appeal from appellant F 1 CONSTRUCTION, INC..

Judgment entered January 20, 2021.